UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Robert Schannette                                    Docket no. 6:16-cv-01082

versus                                                      Judge Rebecca F. Doherty

United Specialty Insurance Company,      Magistrate Judge Carol B. Whitehurst
et al

**ORDER**

Before the Court is a Motion To Remand filed by Plaintiff, Robert Schannette, [Rec. Doc. 13] and Defendants, United Specialty Insurance Company ("United"), GAT Express, LLC ("GAT") and José M. Canto's ("Canto"), Opposition thereto [Rec. Doc. 19].

This case arises from a multi-vehicular accident which occurred on April 5, 2016, wherein Defendant Canto allegedly rear-ended a vehicle driven by Sesen Haile, which then rear-ended Plaintiff's 2001 Chevrolet Silverado. Plaintiff's vehicle then allegedly collided with another vehicle in front of him driven by Hang Thi Nguyen-Gaw. *R. 19-3, Exh. C., Uniform Traffic Crash Accident Report, p. 12.*

On March 15, 2016, Plaintiff filed a Petition for Damages in the Sixteenth Judicial District Court, Parish of Iberia, Louisiana, alleging that the accident caused him to sustain severe and permanent injuries. *R. 1-1, ¶¶ 2-4*. Plaintiff

named United, State National Insurance Co., Inc. ("State National"), GAT, Canto, and Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), as defendants in the state action.[1] *R. 1*. Plaintiff alleged that Canto was in the course and scope of employment for GAT Express L.L.C. at the time of the accident. *R. 1-1, ¶ 8*. United and State National issued a policy or policies of liability insurance coverage covering the GAT vehicle being operated by Canto on the date of the accident.

On May 2, 2016, after Farm Bureau was joined as a party, Farm Bureau filed a cross-claim asserting a claim of subrogation against Defendants to recover $4,849.90 in medical payments it alleges it paid to Plaintiff.[2] On July 21, 2016, the named defendants filed a Notice of Removal alleging subject matter jurisdiction based on diversity of citizenship under 28 USC § 1332. *R. 1*.

Federal district courts have subject matter jurisdiction over civil actions inwhich the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C. § 1332. The person seeking to invoke federal court jurisdiction has the burden of proof to demonstrate at the outset of the litigation that the federal court has authority to hear the case.

---

[1] Winter Group was also named as a defendant but was dismissed on May 12, 2016.

[2] Farm Bureau issued a uninsured/underinsured motorist ("UM") insurance policy to Plaintiff which provided $15,000 in bodily injury and $5,000 in med-pay UM coverage. *R. 19-1*.

*St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998). Therefore, Defendants as the removing parties, bear the burden of showing that federal jurisdiction exists. *Manguno v. Prudential Property and Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).

Both Plaintiff and Defendants provide summary judgment-type evidence supporting that the amount in controversy is in excess of $75,000. *R. 12-3,12-4, Medical records; R. 19-1, 19-3, Responses to interrogatories and production of documents, Accident Report*. The Court agrees that the amount in controversy for diversity jurisdiction is met. The issue before the Court involves the citizenship of each of the parties.

Plaintiff seeks to remand this action for "defects in removal procedure" and because there is not complete diversity of citizenship between Plaintiff and Defendants. As to the removal "defects," Plaintiff complains that United and State National failed to properly allege their citizenship by only pleading that each was a "foreign insurer."  Plaintiff further argues there is no diversity of citizenship because "all plaintiffs are not diverse from all defendants." Plaintiff, who alleges he is domiciled in Iberia Parish, Louisiana, *R. 1*, has the same domicile as Defendant, Farm Bureau—Louisiana.

In their Notice of Removal Defendants provide the following information regarding the citizenship of the parties: (1) United is a "foreign insurance company

licensed to do and/or doing business in Louisiana;" (2) State National is a "foreign insurance company licensed to do and/or doing business in Louisiana;" (3) GAT is a Texas limited liability company with its principal place of business in Texas;" (4) Canto is domiciled in Texas; and (5) Farm Bureau is "incorporated in Louisiana, with its principal place of business in Louisiana." *Id.*

Defendants oppose Plaintiff's Motion contending that Plaintiff improperly joined Farm Bureau, its UM insurer. Defendants maintain that the United policy of automobile liability insurance was in full force and effect and provided insurance coverage of $1,000,000,000 for the accident at issue. They assert there is no possibility that Plaintiff will exhaust the policy limits of the United policy in order to recover from Farm Bureau's policy.[3]

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged. *Mullins v. Testamerica, Inc.*, 300 Fed. App'x 259, (5th Cir. 2008). Defendants have not presented evidence as to the corporate citizenship of either United or State National. Under § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been *incorporated and* of the State or foreign state *where it has its principal place of*

---

[3] Defendants represent that while the United policy is a "combined single limited policy" which states a single dollar limit, in this case $1,000,000,000, that applies to any combination of bodily injury and property damage liability claim, the total amount paid in "all possible outstanding claims" under the Policy for the accident at issue is approximately $36,000. Thus, the Policy limits available are now approximately $964,000.

*business*." Defendants fail to indicate the location of either United or State National's state of incorporation or principal place of business.

Nor have Defendants provided evidence as to the citizenship of GAT Express LLC. A limited liability company is a citizen of every state in which any member of the company is a citizen, and "the citizenship of a LLC is determined by the citizenship of *all* of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir.2008) (emphasis supplied). Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company. *See, Id.; Grupo Bataflux v. Atlans Gloval Group, L.P.*, 541 U.S. 567, 585, n.1 (2004)(noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes). If any one of the members is not diverse, the limited liability company is not diverse. In the event a member of a limited liability company is another limited liability company, the members of that limited liability company must be properly alleged as well. *See Id*.

In light of the foregoing deficiencies Defendants are to comply with this Order, and upon compliance the Court will consider Plaintiffs' Motion To Remand as well as Defendants' Opposition Memorandum asserting improper joinder. Accordingly,

**IT IS ORDERED** that on or before October 31, 2016, Defendants shall file a "motion for leave" to file their joint memorandum setting forth the citizenship of United, State National and GAT Express L.L.C., based on the applicable

jurisprudence cited in the foregoing, supported with summary judgment-type evidence. Plaintiff will then be allowed seven (7) days to file any response to Defendants' memorandum.

Signed at Lafayette, Louisiana, this 17th day of October, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE